In the Matter of the Estate of MEYER KRUGER, Deceased.

Surrogate's Court, Kings County, September 30, 1931.

*A. Bertram Samuels* [*John E. Leddy* of counsel], for the surety.

*Henry E. Coleman*, for the administrator.

WINGATE, S. The legal questions at issue herein were in effect decided by this court in its former opinion involving this estate (reported in 139 Misc. 907). The questions there passed upon concerned the propriety of issuing a direction to the Bank of the United States for a summary payment to this administrator of the estate fund which he had deposited therein. After careful consideration of the entire relationship involved, the court denied that application.

In the present proceeding the administrator voluntarily applies for the judicial settlement of his accounts, and in this connection seeks, as a necessary preliminary to a recovery by the estate from his surety, to obtain a decree surcharging himself for the moneys so deposited by him in the Bank of the United States.

No good purpose can be served by herein repeating at length the observations and authorities which fully appear in the former decision. While to a certain extent obiter therein, they are determinative of the precise questions here raised.

Since the decision of the Court of Appeals in *King* v. *Talbot* (40 N. Y. 76) it has been the law of this State that " the just and true rule is, that the trustee is bound to employ such diligence and such prudence in the care and management, as in general, prudent men of discretion and intelligence in such matters, employ in their own like affairs." This rule has been reaffirmed times without number. The latest consonant pronouncement by the Court of Appeals is found in *Matter of Clark* (257 N. Y. 132, 136). (See, also, *Matter of Weston*, 91 id. 502, 511; *Costello* v. *Costello*, 209 id. 252, 261; *McCabe* v. *Fowler*, 84 id. 314, 318; *Crabb* v. *Young*, 92 id. 56, 66; *Matter of Pollock*, 134 Misc. 212, 217.) As was noted in the *Costello* case, " the law does not hold a trustee, acting in accord with such rule, responsible for errors in judgment."

This rule has been crystalized by statutory enactment in section 265 of the Surrogate's Court Act, which, so far as here pertinent, provides that an estate fiduciary shall not " sustain any loss by the decrease or loss, without his fault, of any part of the estate or fund; but he shall  *  *  *  be allowed for such decrease or loss on the settlement of his accounts."

The Appellate Division of this department, in passing upon a similar question in *Matter of Hurlbut* (210 App. Div. 456), noted (at p. 458): " The question, therefore, becomes one essentially of fact, namely, did the executor act in good faith, and did he use that degree of care and diligence which we would expect from

one circumstanced as was the executor charged with the execution of a trust."

As this court indicated in its former opinion, the action of the administrator in depositing the moneys of the estate in an ordinary commercial bank was the obvious and provident thing for him to do and was the only practicable manner in which he could adequately care for its funds. Not only does this seem self-evident on ordinary principles of administration of decedents' estates, as noted on page 909 of the former opinion herein, but all of the determinations in this and other States, in which the question has arisen, have affirmatively upheld the propriety of such action. The authorities found in this State are given at page 909 of the former opinion, and the multitudinous identical determinations of other States are cited on pages 912 and 913.

The application of these principles to the facts of the case at bar requires merely the notation that although the depositary in question failed, the misfortune did not occur until the middle of December, 1930. The deposit by the administrator was made the third of the previous July, at which time neither he nor any one else entertained any misgivings respecting the solvency and stability of the depositary institution. Even at the time of its failure the Bank of the United States was a depository for State funds, duly designated for that purpose, by the proper authorities of this State. (*Matter of McCarthy*, 139 Misc. 147.)

It must follow, therefore, on the facts and law, that the administrator was guilty of no negligence or improper action whatsoever in making this deposit of the estate funds, and that consequently he is not liable to surcharge in the present proceeding by reason thereof.

In view of the fact that the obligations of the bank to its depositors are now only in process of liquidation, it is obvious that a final judicial settlement of the accounts of the administrator cannot yet be had, since it is probable that additional dividends or payments will be made from time to time in the future on account thereof. Indeed one such payment of thirty per cent has been made since the institution of this proceeding. Therefore, only an intermediate judicial settlement of the account of the administrator may now be decreed. The final settlement must be deferred until the complete liquidation of the affairs of the depositary has been accomplished.

Proceed accordingly.